UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANA M. BROWN,

    Plaintiff,

v.       Case No. 1:21-cv-606
    Hon. Ray Kent

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant,
_____/

**OPINION**

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security (Commissioner) which denied her application for disability insurance benefits (DIB).

On June 12, 2019, plaintiff filed an application for DIB alleging a disability onset date of December 15, 2018. PageID.41. Plaintiff identified her disabling conditions as degenerative disc disease involving a disc protrusion, hypertension, and arthritis in the back and hands. PageID.220. Prior to applying for DIB, plaintiff completed two years of college and had past relevant work as a security guard, production assembler, and merchant patroller. PageID.50, 221. An administrative Law Judge (ALJ) reviewed plaintiff's application de novo and entered a written decision denying benefits on June 19, 2020. PageID.41-53. This decision, which was later approved by the Appeals Council, has become the final decision of the Commissioner and is now before the Court for review.

    **I.**    **LEGAL STANDARD**

"The federal courts review the Commissioner's factual findings for substantial evidence and give fresh review to its legal interpretations." *Taskila v. Commissioner of Social Security*, 819 F.3d 902, 903 (6th Cir. 2016).  This Court's review of the Commissioner's decision is typically focused on determining whether the Commissioner's findings are supported by substantial evidence.  42 U.S.C. § 405(g); *McKnight v. Sullivan*, 927 F.2d 241 (6th Cir. 1990). "[T]he threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, -- U.S. --, 139 S. Ct. 1148, 1154 (2019).  "Substantial evidence, this Court has said, is more than a mere scintilla. It means — and means only — such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. (internal quotation marks and citations omitted).

A determination of substantiality of the evidence must be based upon the record taken as a whole. *Young v. Secretary of Health and Human Services*, 925 F.2d 146 (6th Cir. 1990). The scope of this review is limited to an examination of the record only.  This Court does not review the evidence de novo, make credibility determinations, or weigh the evidence. *Brainard v. Secretary of Health & Human Services*, 889 F.2d 679, 681 (6th Cir. 1989).  The fact that the record also contains evidence which would have supported a different conclusion does not undermine the Commissioner's decision so long as there is substantial support for that decision in the record. *Willbanks v. Secretary of Health & Human Services*, 847 F.2d 301, 303 (6th Cir. 1988).  "If the [Commissioner's] decision is supported by substantial evidence, it must be affirmed even if the reviewing court would decide the matter differently, and even if substantial evidence also supports the opposite conclusion." *Cutlip v. Secretary of Health and Human Services*, 25 F.3d 284, 286 (6th Cir. 1994).

A claimant must prove that he suffers from a disability in order to be entitled to benefits.  A disability is established by showing that the claimant cannot engage in substantial

gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. *See* 20 C.F.R. §404.1505; *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990). In applying the above standard, the Commissioner has developed a five-step analysis:

> The Social Security Act requires the Secretary to follow a "five-step sequential process" for claims of disability. First, plaintiff must demonstrate that she is not currently engaged in "substantial gainful activity" at the time she seeks disability benefits. Second, plaintiff must show that she suffers from a "severe impairment" in order to warrant a finding of disability. A "severe impairment" is one which "significantly limits . . . physical or mental ability to do basic work activities." Third, if plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets a listed impairment, plaintiff is presumed to be disabled regardless of age, education or work experience. Fourth, if the plaintiff's impairment does not prevent her from doing her past relevant work, plaintiff is not disabled. For the fifth and final step, even if the plaintiff's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that plaintiff can perform, plaintiff is not disabled.

*Heston v. Commissioner of Social Security*, 245 F.3d 528, 534 (6th Cir. 2001) (citations omitted).

The claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work through step four. *Jones v. Commissioner of Social Security*, 336 F.3d 469, 474 (6th Cir. 2003). However, at step five of the inquiry, "the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile." *Id.* If it is determined that a claimant is or is not disabled at any point in the evaluation process, further review is not necessary. *Mullis v. Bowen*, 861 F.2d 991, 993 (6th Cir. 1988).

**II.    ALJ's DECISION**

Plaintiff's application for DIB failed at the fourth step of the evaluation. At the first step, the ALJ found that plaintiff meets the insured status requirements of the Social Security Act through December 31, 2023 and has not engaged in substantial gainful activity since the alleged disability onset date of December 15, 2018. PageID.43. At the second step, the ALJ found that plaintiff had severe impairments of degenerative disc disease and chronic pain syndrome. *Id*. At the third step, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1. PageID.45.

The ALJ decided at the fourth step that:

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except she can occasionally climb ramps and stairs, balance, stoop, kneel, crouch, crawl. The claimant can never climb ladders, ropes, or scaffolds or be exposed to unprotected heights or dangerous moving machinery. She is unable to operate foot controls with her lower extremity. She should avoid extreme cold/heat and vibration.

PageID.46.

The ALJ also found that plaintiff is capable of performing past relevant work as a security guard, production assembler, and merchant patroller. PageID.50. This work does not require the performance of work-related activities precluded by her residual functional capacity (RFC). *Id*. Accordingly, the ALJ determined that plaintiff has not been under a disability, as defined in the Social Security Act, from December 15, 2018 (the alleged onset date) through June 19, 2020 (the date of the decision). PageID.52-53.

### III.   DISCUSSION

Plaintiff raises the following combined issue on appeal:

**The ALJ's RFC determination is not supported by substantial evidence as the ALJ failed to properly evaluate the opinion of treating physician Dr. Kinzel.**

RFC is a medical assessment of what an individual can do in a work setting in spite of functional limitations and environmental restrictions imposed by all of her medically determinable impairments. 20 C.F.R. § 404.1545. The ALJ is "charged with the responsibility of evaluating the medical evidence and the claimant's testimony to form an assessment of her residual functional capacity." *Webb v. Commissioner of Social Security*, 368 F.3d 629, 633 (6th Cir. 2004) (internal quotation marks and brackets omitted).

In determining plaintiff's RFC, the ALJ reviewed the medical record commencing with an incident on October 20, 2017, more than one year before her alleged disability onset date. At that time, plaintiff was working as a security guard. "She was in a golf cart at a stop sign when a car hit her head on" and later "diagnosed with an L4-L5 disc injury." PageID.46-50. The ALJ noted that,

> The claimant testified that she returned to her security job and only left it in December 2018 when she moved from California to Michigan. She takes no prescribed medication for her back, but takes something three times a day for her sciatica.

PageID.46. The ALJ traced plaintiff's medical treatment through February 2020. PageID.46-48.

Here, plaintiff contends that the RFC determination is flawed because the ALJ failed to properly evaluate the opinion of a treating physician. For claims filed on or after March 27, 2017, the regulations provide that the Social Security Administration (SSA) "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s)." 20 C.F.R. § 404.1520c(a). In these claims, the SSA "will articulate in our determination or decision how persuasive we find all of the medical opinions and all of the prior administrative medical findings in [the claimant's] record." 20 C.F.R. §

5

404.1520c(b). In addressing medical opinions and prior administrative medical findings, the ALJ will consider the following factors: (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and, (5) other factors. *See* 20 C.F.R. § 404.1520c(c)(1)-(5).

The most important factors which the ALJ considers in evaluating medical opinions are "supportability" and "consistency":

> Therefore, we will explain how we considered the supportability and consistency factors for a medical source's medical opinions or prior administrative medical findings in your determination or decision. We may, but are not required to, explain how we considered the factors in paragraphs (c)(3) through (c)(5) of this section, as appropriate, when we articulate how we consider medical opinions and prior administrative medical findings in your case record.

20 C.F.R. § 404.1520c(b)(2).[1] If the ALJ finds that two or more medical opinions "are both equally well-supported and consistent with the record but are not exactly the same," the ALJ must articulate what factors were most persuasive in differentiating the opinions. 20 C.F.R. § 404.1520c(b)(3) (internal citations omitted).

In addition, the new regulations recognize that "[b]ecause many claims have voluminous case records containing many types of evidence from different sources, it is not administratively feasible for us to articulate in each determination or decision how we considered all of the factors for all of the medical opinions and prior administrative medical findings in your case record." 20 C.F.R. § 404.1520c(b)(1). Thus, "when a medical source provides multiple medical opinion(s) or prior administrative medical finding(s), we will articulate how we considered the medical opinions or prior administrative medical findings from that medical source

---

[1] The regulations explain "supportability" as follows: "The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c)(1). The regulations explain "consistency" as follows: "The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c)(2).

6

together in a single analysis using the factors listed in paragraphs (c)(1) through (c)(5) of this section, as appropriate." *Id*. "We are not required to articulate how we considered each medical opinion or prior administrative medical finding from one medical source individually. *Id*.

      Here, the ALJ evaluated Dr. Kinzel's opinions as follows:

> Carl Kinzel, DO opined that the claimant is mildly limited in ability to understand, remember, or apply information; moderately impaired in concentrate, persist, or maintain pace; and not limited in interact [sic] with others and adapt or manage oneself. In addition, she would be off task 25 percent of a typical workday and be absent from work four or more times per month. (15F). I find this unpersuasive, as the opinion, in part, appears to be based on the claimant's self-report, [sic] In addition, it is inconsistent with treatment records reflecting conservative mental health management as of January 2020 without evidence of complication. There is no support for moderate limitations in concentrate, persist, or maintain pace when compared with treatment records and the claimant's own report of being able to successfully manage full-time college with a GPA of 4.0. (Cl. testimony, 2F, 9F, 11F, 14F)
>
> Carl Kinzel, DO also opined that the claimant can lift 10 pounds occasionally and 20 pounds rarely, can sit/stand/walk for two hours of an eight-hour workday, requires a sit/stand option, requires a cane to ambulate effectively at times, can occasionally use her upper extremities for manipulation, can rarely use left foot for foot controls and frequently with the right foot, never to rarely postural limitations, and environmental limitations. (16F). I find this opinion generally unpersuasive, as it is inconsistent with treatment records that, although note some pain and tenderness in the lumbar spine, are generally unremarkable. (2F, 9F, 11F, 14F).
>
> I did not analyze any disability decisions or statements on issues reserved to the Commissioner (including statements that a claimant is disabled or able to work), because, under 20 CFR 404.1520b(c), that evidence is not inherently valuable or persuasive, but I did consider all available evidence underpinning those determinations and statements.

PageID.49.

      Plaintiff claims that the ALJ failed to properly evaluate Dr. Kinzel's physical limitations stating in pertinent part:

> The ALJ provided rationale for rejecting limitations based on Plaintiff's mental impairments, however, this is the only rationale provided for her rejection of the physical opinion. Such a rejection is erroneous under the Commissioner's new

7

> regulations, and there is no logical link between the physical and mental opinions to allow for transferable rationale.
>
> Importantly, the ALJ is required to address both the consistency and supportability factors in their determination. The ALJ has articulated no rationale for either of these inquiries. The ALJ's rationale appears to be just a string citation to the general evidence of record, but there is no articulation of why this opinion is apparently contradicted or unsupported.

Plaintiff's Brief (ECF No. 12, PageID.652).

As one court observed, "[t]hese new regulations plainly are less demanding than the former rules governing the evaluation of medical source opinions, especially those of treating sources." *Hardy v. Commissioner of Social Security*, 554 F. Supp. 3d. 900, 906 (E.D. Mich. 2021). Nevertheless, the new regulations set forth a minimum level of articulation for a reviewing court. *Id*.

Based on this record, the Court concludes that the ALJ's decision failed to meet a minimum level of articulation with respect to Dr. Kinzel.  The ALJ provided a cursory summary of the doctor's March 11, 2020 opinion (Exh. 16F, PageID.627-632), and then rejected the opinion by citing over 70 pages of medical exhibits without reference to any particular fact in those exhibits: Exh. 2F (22 pages, PageID.326-347); Exh. 9F (18 pages, PageID.448-465), Exh. 11F (18 pages, PageID.469-486), and Exh. 14F (16 pages, PageID.605-620).  In short, the ALJ did not "explain how [she] considered the supportability and consistency factors for a medical source's medical opinions."  20 C.F.R. § 404.1520c(b)(2).  In addition, the ALJ has failed to set out a sufficient analysis of the evidence to allow an appellate court to trace the path of her reasoning to reach the conclusion that Dr. Kinzel's opinion is unpersuasive.  *See Stacey v. Commissioner of Social Security*, 451 Fed. Appx. 517, 519 (6th Cir. 2011) (citing *Diaz v. Chater*, 55 F.3d 300, 307 (7th Cir. 1995)).   Accordingly, this matter will be reversed and remanded pursuant to sentence

four of 42 U.S.C. § 405(g).  On remand, the Commissioner should re-evaluate the physical limitations set out in Dr. Kinzel's March 11, 2020 opinion.

### IV. CONCLUSION

For these reasons, the Commissioner's decision will be **REVERSED and REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g).  On remand, the Commissioner is directed to re-evaluate the physical limitations set out in Dr. Kinzel's March 11, 2020 opinion.  A judgment consistent with this opinion will be issued forthwith.

Dated: September 23, 2022 　　　　　　　　　　/s/ Ray Kent
　　　　　　　　　　　　　　　　　　　　　　RAY KENT
　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge